**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ENRIQUEZ and QUINN COLMENERO, individually and on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERSTATE GROUP, LLC; SHAWN LUTEYN; and DOES 1 to 50,<br><br>Defendants. | Case No.: 4:11-cv-05155-YGR<br><br>ORDER ON JOINT DISCOVERY LETTER BRIEF |

On July 6, 2012, the Parties filed a Joint Discovery Letter Brief regarding Plaintiffs' Interrogatory No. 2, which requested the names, mailing addresses, and phone numbers of putative class members. Dkt. No. 41, "Joint Discovery Letter Brief" ("JDLB"). Defendants concede that such information must ultimately be provided but believe an "opt out" or "*Pioneer*" notice should first be sent to individuals whose information it must provide. *Id.* at 3; *see Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007). Defendant further requests that names and contact information provided in response to the interrogatory be "attorneys' eyes only." JDLB at 3.

Plaintiffs have conceded that they need only names and mailing addresses of putative class members; they do not seek telephone numbers. *Id.* at 4. In light of this concession, the Court finds *Pioneer*-style notices to be unnecessary. *See In re Autozone Wage & Hour Empl. Practices Litig.*, No. 10-md-02159 CRB (JSC), 2011 U.S. Dist. LEXIS 132973 at *4-5 (N.D. Cal. Nov. 17, 2011) ("[T]he Court is not persuaded that [disclosure of names and addresses of putative class members] constitutes

United States District Court
Northern District of California

such a serious invasion of privacy that an "opt out" procedure is required, at least where Plaintiffs intend to use the information to contact the putative class member by mail."), *Alvarez v. Hyatt Regency Long Beach*, No. CV 09-03791-GAF (VBKx), 2010 U.S. Dist. LEXIS 99281 at *5 (C.D. Cal. March 2, 2010) ("[T]he Court is not persuaded that an opt-out system is necessary, both for pragmatic and legal reasons.").

The Court likewise denies Defendant's request for attorneys' eyes only protection. However, this order is without prejudice to any subsequent motion for a protective order made upon a showing of competent evidence that Plaintiffs have made, or will make, improper use of putative class members' names and/or addresses.

The Court hereby **ORDERS** Defendant to answer Plaintiff's Interrogatory No. 2, minus phone contact information.

This Order Terminates Docket Number 41.

**IT IS SO ORDERED.**

Dated: July 12, 2012

                                         **YVONNE GONZALEZ ROGERS**
                                         **UNITED STATES DISTRICT COURT JUDGE**